UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

ANTONIO COOPER,

*Defendant*.

Criminal Action No. 1:15-cr-00152 (CJN)

**MEMORANDUM OPINION**

Before the Court is Antonio Cooper's *pro se* motion challenging the federal detainer lodged against him as a result of his sentence in this case, which the Court construes as a petition for a writ of habeas corpus. *See* Def.'s Mot., ECF No. 353. For the reasons explained below, the Court denies that request.

**Background**

In 2016, Cooper pleaded guilty to three federal offenses: Conspiracy to Commit Theft of Government Funds and to Defraud the United States, in violation of 18 U.S.C. § 371 (Count 1); Theft of Public Money and Aiding and Abetting and Causing an Act to be Done, in violation of 18 U.S.C. § 641 and 18 U.S.C. § 2 (Count 4); and Aggravated Identity Theft and Aiding and Abetting and Causing an Act to be Done, in violation of 18 U.S.C. § 1028A(a)(1) and (c)(1) and 18 U.S.C. § 2 (Count 13). In 2018, Cooper was sentenced by Judge Collyer to 30 months' imprisonment on Count 1; 60 months' imprisonment on Count 4; and 24 months' imprisonment on Count 13. *See* Am. J. at 3, ECF No. 317. Cooper's sentences on Counts 1 and 4 were imposed concurrently with each other and with sentences issued in two Maryland cases that totaled 15

years' imprisonment.¹  *Id.*  But the 24-month imprisonment sentence on Count 13 was imposed *consecutively* to the sentences on the other federal counts and the state sentences.  *Id.*  And a federal detainer was issued arising out of the sentences imposed by Judge Collyer.

Cooper is currently incarcerated in a Maryland prison on those Maryland sentences.  In his motion, styled as a "Motion to Uplift Detainer & Body Writ," Cooper contends that he has completed his federal sentences and that he should therefore be released from the federal detainer.  Def.'s Mot. at 1.  The Government responds that Cooper is "still serving his Maryland sentences" and that, upon his completion of those sentences, the Bureau of Prisons "will retroactively credit [Cooper] for the 60-month federal sentence he served concurrently with his Maryland sentences."  Gov't Opp'n at 3, ECF No. 354.

Although Cooper refers only to 18 U.S.C. § 3553 as statutory authority underlying his motion, that statute governs the initial imposition of a sentence and does not apply here.  The Court instead construes Cooper's motion as a petition for habeas relief under 28 U.S.C. § 2241 (notwithstanding his statement in his *pro se* reply that he is not "filing a habius [sic] Corpus").  Def.'s Reply at 3, ECF No. 355; *see Dufur v. U.S. Parole Comm'n*, 34 F.4th 1090, 1096 (D.C. Cir. 2022) (describing "the longstanding practice of construing as a habeas petition a motion that a *pro se* federal prisoner has labeled differently" (quotations omitted)); *United States v. Forrest*, 316 F. Supp. 3d 111, 115 (D.D.C. 2018).

---

[1] In case CT140292X, Cooper was sentenced to five years' imprisonment for firearm possession with a felony conviction, to run concurrently with his total 15-year sentence of imprisonment in case CT131759X for possession of cocaine and heroin.  Cooper was arrested for these offenses in 2013 and sentenced in the Circuit Court for Prince George's County in 2015.

**Legal Standards**

Under 28 U.S.C. § 2241, a prisoner "claiming to be 'in custody in violation of the Constitution or laws or treaties of the United States' may seek a writ of habeas corpus in federal district court." *Day v. Trump*, 860 F.3d 686, 689 (D.C. Cir. 2017) (quoting 28 U.S.C. § 2241(c)(3)). District courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a).

In the habeas context, the Court may entertain a petition that challenges the prisoner's "present physical confinement" if the respondent is the prisoner's "immediate custodian," that is, "the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1238–39 (D.C. Cir. 2004). "[C]ore habeas petitions challenging present physical confinement" generally must also be filed in "the district of confinement," because, "[b]y definition, the immediate custodian and the prisoner reside in the same district." *Padilla*, 542 U.S. at 443–47. These "habeas-specific procedural rules" do not concern the Court's subject-matter jurisdiction and are therefore waivable. *Dufur*, 34 F.4th at 1096–97 (noting that "a district court, *sua sponte*, may properly decline to enforce either requirement" if a habeas respondent fails to raise them).

Moreover, if a prisoner challenges "something other than his present physical confinement," these procedural rules do not apply. *Padilla*, 542 U.S. at 437–38; *see Day*, 860 F.3d at 690–91. The proper respondent in a dispute about the validity of a detainer lodged against a prisoner is "not the prisoner's immediate physical custodian" but instead the "entity or person who exercises legal control" over that detainer. *Padilla*, 542 U.S. at 438. A court would have jurisdiction to grant habeas relief where that custodian resides or is located. *See Stokes*, 374 F.3d at 1239.

**Analysis**

Whether Cooper is in fact disputing the *validity* of the federal detainer or the *effect* of the detainer on his current incarceration in Maryland need not be addressed here. Though those types of challenges would appear to warrant different treatment under the procedural rules described above, the Government has only objected to this Court's jurisdiction to assess "the calculation of [Cooper's] Maryland sentence" and has forfeited any broader defense under those rules. Gov't Opp'n at 3; *see Dufur*, 34 F.4th at 1096–97; *see also Forrest*, 316 F. Supp. 3d at 117–18 (distinguishing between a prisoner's challenge to "the effect of the . . . detainer on [the prisoner's] current detention" and an attack on "the validity of the detainer"). In any event, it is apparent that Cooper challenges the validity of the federal detainer at least in part.

However, Cooper's claim about the invalidity of the federal detainer fails on the merits. Cooper is incorrect that his federal sentence has ended. Because he is still serving the 15-year term of imprisonment for his Maryland convictions, Cooper has not yet started the 24-month term of imprisonment imposed *consecutively* on Count 13 in this case, which is one reason the federal detainer was issued. Cooper has identified no valid basis to justify the removal of his federal detainer.

To be sure, Cooper has identified certain ways in which that detainer affects his ability to participate in programs while in Maryland custody, apparently because of Maryland rules regarding eligibility for those programs. *See* Def.'s Reply at 2. The Court cannot decide whether those rules are being correctly applied to Cooper, but he can certainly represent that the Court has no objection to his participation in those programs notwithstanding the federal detainer.

## Conclusion

For these reasons, Cooper's petition is denied. An order will issue contemporaneously with this opinion.

DATE:  April 21, 2023

CARL J. NICHOLS
United States District Judge